[Cite as *State v. Vasquez*, **2011-Ohio-978**.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10-COA-021 |
| JOSEPH VASQUEZ | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Ashland County Court of Common Pleas,
Case No. 10-CRI-039


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 2, 2011


APPEARANCES:


For Plaintiff-Appellee        For Defendant-Appellant


RAMONA FRANCSCONI ROGERS    DOUGLAS A. MILHOAN
Ashland County Prosecutor    P.O. Box 347
307 Orange Street    Middlebranch, Ohio 44652
Ashland, Ohio 44805

PAUL T. LANGE
Assistant Prosecuting Attorney
307 Orange Street
Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1}  Defendant-appellant Joseph Vasquez appeals his sentence entered by the Ashland County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  In December of 2009, Appellant opened a business banking account at Farmers & Savings Bank in Ashland, Ohio.  Appellant deposited a minimal amount of cash into the account, and a check from a closed checking account from Key Bank. The Key Bank account had been closed since May of 2008.  Appellant then withdrew a large sum of money from the check and deposited the remaining amount into the business banking account.  Appellant proceeded to deposit two more checks from the closed key Bank account into the Farmers & Savings Bank account.  When employees of Farmers & Savings Bank contacted Appellant, he did not return the call or return to the bank.

{¶3}  In January of 2010, Appellant opened a business banking account at First Merit Bank in Ashland, Ohio.  Appellant deposited a check from the Farmers & Savings account into the First Merit account.  Again, Appellant withdrew a large cash sum from the check, and deposited the remaining amount into the First Merit account.  Appellant repeated this conduct on multiple occasions.

{¶4}  Thereafter, Appellant opened a business banking account at Home Savings Bank in Ashland, Ohio. Similarly, Appellant accepted a large sum of money from a deposited check on a closed account, and deposited the remaining amount into the account. Appellant continued in this course of conduct.

**{¶5}** As a result, Appellant entered a plea of guilty to and was convicted of five counts of theft, felonies of the fifth degree, in the Ashland County Court of Common Pleas Case Number 10CRI039. Appellant was also convicted of three counts of theft, all felonies of the fifth degree, in the Ashland County Court of Common Pleas, Case Number 10CRI004. The trial court sentenced Appellant to ten months in prison on each count, with an aggregate prison term of thirty months.

**{¶6}** Appellant now appeals, assigning as sole error:

**{¶7}** "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."

**{¶8}** Based on the record, the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

**{¶9}** In his assignment of error, Appellant contends his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources.

**{¶10}** In *State v. Ober* (Oct. 10, 1997), Greene App. No. 97CA0019, the Second District considered this same issue. In rejecting the argument, the court stated,

**{¶11}** "Ober is correct that the 'sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also

contained in this section and upon the exercise of discretion.' Griffin & Katz, Ohio Felony Sentencing Law (1996-97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. *Id.*"

**{¶12}** The *Ober* court concluded,

**{¶13}** "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on Ober may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." *Id.*

**{¶14}** R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states, in pertinent part:

**{¶15}** "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."

**{¶16}** As we noted in *State v. Ferenbaugh,* Ashland App. No. 03COA038, 2004-Ohio-977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for

what an 'unnecessary burden' is." Moreover, in *State v. Shull,* Ashland App. No.2008-COA-036, 2009-Ohio-3105, this Court reviewed a similar claim. We found although burdens on State resources may be a relevant sentencing criteria as set forth in R.C. 2929.13, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors, *Shull,* at paragraph 22, citing *State v. Ober* (October 10, 1997), Greene App. No. 97CA0019, 1997 WL 624811.

{¶17} Upon review, we do not find the sentence imposed was an unnecessary burden on state resources. The sole assignment of error is overruled.

By: Hoffman, P.J.

Edwards, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH VASQUEZ | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-COA-021 |

For the reasons stated in our accompanying Opinion, the judgment of the

Ashland County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY